# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **WILLIAM D. HAMBY, JR.,** | ) |
| **Plaintiff,** | ) |
| v. | ) NO. 3:23-cv-00643 |
| **DR. MCGRUDER, et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1, "the Complaint") and a "(Dual) Motion to Ascertain Status of Case [and] Motion to Receive U.S. Marshal's Forms" (Doc. No. 4) filed by William Hamby, an inmate of the DeBerry Special Needs Facility (DSNF) in Nashville, Tennessee. Plaintiff did not pay the civil filing fee when he filed the Complaint, nor did he file an application for leave to proceed in forma pauperis (IFP). One or the other is required for the Court to process the Complaint.

However, a prisoner may not file a civil action IFP in district court if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff has previously filed at least four actions in this Court which were dismissed for failure to state a claim. See Hamby v. Johnson, No. 3:13-cv-0096 (M.D. Tenn. Apr. 10, 2013); Hamby v. Thomas, No. 3:13-cv-0127 (M.D. Tenn. Feb. 19, 2013); Hamby v. Johnson, No. 3:12-cv-1303 (M.D. Tenn. Jan. 10, 2013); Hamby v. Lingle, No. 3:12-cv-0942 (M.D. Tenn. Sept. 18, 2012). In light of these prior dismissals, Plaintiff is a "three-

striker" who may only proceed as a pauper in this action if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall within this statutory exception, the danger Plaintiff is facing must be a "real and proximate" threat of serious physical injury that existed at the time the Complaint was filed. Rittner v. Kinder, 290 F. App'x 796, 797 (6th Cir. 2008) (citing, e.g., Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003)). Under this standard, Plaintiff must "allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger" when he filed the Complaint. Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted). In making this determination, the Court must construe the Complaint liberally, as "the imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." Id. Still, Plaintiff's allegations "must not be irrational, incredible, or speculative, and must describe with sufficient detail why [he] is in imminent danger." Lapine v. Waino, No. 17-1636, 2018 WL 6264565, at *2 (6th Cir. Oct. 11, 2018) (citing Vandiver, 727 F.3d at 585).

Plaintiff alleges that, after being wrongly transferred to DSNF in April 2023, he was "ordered by Dr. O'Toole to be barefoot, and isolated without [his] property and left isolated [which] caused [his] P.T.S.D. to 'trigger' mental anguish, and bare feet caused pain from concrete." (Doc. No. 1 at 3). He further alleges a violation of prison policies at DSNF related to the out-of-cell time allowed for inmate recreation and group therapy, a deprivation of his personal property while other prisoners were not so deprived, and a "lack of hygiene and nutri[t]ion" that were harmful to his liver, which is diseased. (Id.). Finally, he alleges that these deprivations, as well as the "neglect (no treatment)" of his stage-four liver disease by DSNF Doctors Okuma and O'Toole, are attributable to "racial bias all due to [him] being of Jewish religion." (Id. at 3–4).

2

Claiming "mental anguish [and] undue suffering," Plaintiff seeks an injunction for the return of his property and an award of damages. (Id. at 4). He also asks that all Defendants be removed from their jobs and that Drs. Okuma and O'Toole be jailed "for malpractice." (Id.).

The Complaint's allegations concerning Plaintiff's treatment for liver disease are sparse. But they include the specific allegation that he has received "no treatment" for that condition while in the care of Drs. Okuma and O'Toole at DSNF. (Id.). This lack of treatment is also asserted in a grievance attached to the Complaint, where Plaintiff charged these Defendants with "deny[ing] [him] medical help for [his] liver disease." (Id. at 6). The Sixth Circuit has held that "a plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g)." Vandiver, 727 F.3d at 587; see Vandiver v. Vasbinder, 416 F. App'x 560, 562–63 (6th Cir. 2011) (citing Ibrahim v. Dist. of Columbia, 463 F.3d 3, 6–7 (D.C. Cir. 2006) (holding that "failure to provide adequate treatment for Hepatitis C, a chronic and potentially fatal disease, constitutes 'imminent danger'")). Accordingly, sparse though they are, Plaintiff's allegations concerning denial of treatment for his stage-four liver disease after he arrived at DSNF are sufficient to satisfy the "imminent danger" exception to the three-strikes rule of § 1915(g).

The Clerk of Court is **DIRECTED** to mail Plaintiff a blank IFP application (Form AO 240). To proceed with his lawsuit, Plaintiff **MUST** either pay the $402 filing fee in full or complete the application and return it to the Court.[1] Plaintiff's payment or IFP application must be received in this Court within **30 DAYS** of the date this Order is entered on the docket and must include the docket number assigned to this case: **No. 3:23-cv-00643**. Plaintiff's submission must be mailed to

---

[1] Prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—while prisoners who are granted pauper status are only liable for the $350 civil filing fee. See 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

In light of the foregoing, Plaintiff's Motion to Ascertain Status of Case (Doc. No. 4) is **GRANTED**, while the request within that Motion to receive forms for service of process is **DENIED** as premature.

Plaintiff is cautioned that, should he fail to comply with this Order (or seek an extension of time to do so) within the time specified, or should he fail to keep the Court apprised of his current address, this action may be dismissed for want of prosecution and the full amount of the filing fee may be assessed against him and collected from his inmate trust account.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE